UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COY PHELPS,  No. C 10-1689 MHP (pr)

    Petitioner,  **ORDER OF DISMISSAL**

    v.

UNITED STATES OF AMERICA,

    Respondent.
                                        /

## INTRODUCTION

Coy Phelps, in custody in the Federal Medical Center in Ayer, Massachusetts, has filed a <u>pro se</u> petition for writ of habeas corpus under 28 U.S.C. §2241, seeking an evidentiary hearing and his release from custody. His petition is now before the court for review pursuant to 28 U.S.C. §§ 2241, 2243, and 2255, and Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## BACKGROUND

In 1986, Coy Phelps was found not guilty by reason of insanity of charges stemming from possessing, manufacturing and placing pipe bombs at several locations in San Francisco, i.e., at a synagogue, a Hebrew school, a rabbi's home, a classroom at San Francisco State University used by the Black Studies Department, and an office of the Humanist Party. Following the finding that Phelps was not guilty by reason of insanity,

Phelps was committed to a mental health facility in accordance with 18 U.S.C. § 4243. The court later ordered Phelps conditionally released; the terms of the conditional release included a requirement of continued monitoring of Phelps. Phelps was arrested in March 2001 on charges that he had violated the conditions of his release. After a multiple day evidentiary hearing and post-hearing arguments, this court ordered Phelps to be rehospitalized. See Jan. 14, 2002 Order Remanding Defendant To Suitable Bureau of Prison's Medical Facility For Reevaluation/Certifying Of Release Conditions If Appropriate, filed in United States v. Phelps, CR 85-899 MHP.

Meanwhile, Phelps' appeal of the conditional release order was under consideration. In an opinion filed March 21, 2002, the Ninth Circuit vacated this court's previously issued conditional release order because it determined that Phelps should never have been released due to the failure of the director of the medical facility in which Phelps was being treated to file the necessary certificate authorizing his release and approving the release conditions as mandated under 18 U.S.C. § 4243(f). The Ninth Circuit remanded with directions to this court to enter an order that Phelps be rehospitalized without prejudice to the institution of new release proceedings that comply with § 4243(f). This court ordered Phelps remanded to a suitable Bureau of Prisons facility.

In his petition in this action, Phelps contends that (a) the order revoking his conditional release in 2001 and re-committing him was improper, and (b) he never should have been committed in the first place. Phelps has filed more than twenty cases in this court concerning his custody and not-guilty-by-reason-of-insanity determination.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation

of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A.      The Petition Is A Second Or Successive Petition Concerning The Initial Commitment

   1.      The Challenge Must Be Raised In A § 2255 Motion And Not A § 2241 Action

Phelps captioned his petition as a petition under 28 U.S.C. § 2241.  As to the part of the petition that challenges his original commitment in 1986, he must assert his challenge in a motion under 28 U.S.C. § 2255 rather than in a § 2241 petition.

A federal prisoner who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 and generally may not do it by way of a habeas petition under § 2241.  See Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  There is an exception to the general bar against using § 2241 to collaterally attack a conviction or sentence: a federal prisoner may seek relief under § 2241 if he can show that the remedy available under § 2255 is ""inadequate or ineffective to test the validity of his detention.""  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255).  This is a very narrow exception.  See id.  For example, the remedy under § 2255 generally will not be inadequate or ineffective due to the mere fact that a previous § 2255 motion was denied, see Tripati, 843 F.2d at 1162; see also Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate already decided by prior § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding inadequate or ineffective; must show more than lack of success in prior § 2255).  Even the dismissal of a subsequent § 2255 motion as successive under 28 U.S.C. § 2244(b) does not render federal habeas relief under § 2255 an ineffective or inadequate remedy per se.  See Lorentsen v.

3

Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999).

### 2. Phelps Must Obtain Permission From The Ninth Circuit

The petition for writ of habeas corpus is not Phelps' first challenge to his initial commitment. Phelps previously filed petitions concerning his placement in the Bureau of Prisons system and the application of 18 U.S.C. § 4243 to him. See, e.g., Phelps v. U.S. Federal Government, 15 F.3d 735 (8th Cir. 1994) (affirming denial of Phelps' third habeas corpus petition challenging 18 U.S.C. § 4243 and 4247 as an abuse of the writ); Phelps v. United States Bureau of Prisons, 62 F.3d 1020, 1022-23 (8th Cir. 1995) (affirming denial of "habeas motion" that challenged the suitability of facility in which Phelps was placed pursuant to 18 U.S.C. § 4243); Phelps v. United States, 831 F.2d 897 (9th Cir. 1987) (affirming denial of Phelps' habeas petition challenging constitutionality of 18 U.S.C. §§ 4243 and 4247); Phelps v. United States, N. D. Cal. No. 04-4192 MHP (dismissing petition challenging conviction, commitment and continued custody).

A prisoner's ability to bring repeated challenges via a habeas petition or a § 2255 motion is quite limited. 28 U.S.C. § 2244(a) provides that the court is not required to entertain "an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Section 2255, in turn, provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

A second or successive petition may not be filed in this court unless Phelps first

4

obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. See 28 U.S.C. §§ 2244(a) and 2255(h). Phelps apparently has not sought or obtained an order from the Ninth Circuit permitting the filing of this petition. The portion of this action that challenges the original commitment therefore must be dismissed without prejudice to Phelps filing a new action if and when he obtains the necessary order from the Ninth Circuit.

If Phelps wants to attempt to obtain the necessary order from the Court of Appeals, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. §§ 2244(a) and 2255" rather than labeling it as a habeas petition because the Court of Appeals clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the United States Court of Appeals for the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Court of Appeals, Phelps should explain how he meets the requirements of 28 U.S.C. § 2255(h).

B.   Phelps' Request For Release Under 18 U.S.C. § 4243 Is Not Appropriate In Habeas

Phelps seeks release via his petition for writ of habeas corpus because of alleged problems in the 2001 recommitment and revocation of release.

Phelps invokes 18 U.S.C. §4247(g) as authority for his petition, but that section merely states that nothing in §§4243, 4246, or 4248 precludes a person from establishing by a writ of habeas corpus the illegality of his detention.

The court has already determined that habeas is not the appropriate way to seek such release in light of the Ninth Circuit's published opinion in Phelps' criminal case. See United States v. Phelps, 283 F.2d 1176 (9th Cir.), cert. denied, 536 U.S. 947, and cert. denied, 537 U.S. 867 (2002). See Order Of Dismissal, pp. 3-4, in Phelps v. United States of America, C 04-1484 MHP. In dismissing that habeas petition the court wrote:

> The Ninth Circuit made clear that any further consideration of Phelps' eligibility for release must be in strict compliance with the statutory scheme in 18 U.S.C. § § 4241-4247. "The seriousness of releasing a person who has been acquitted of a felony only

by reason of insanity justifies close adherence to the requirements of the statute." Phelps, 283 F.3d at 1184. The opinion identified two different ways to commence release proceedings. Under 18 U.S.C. § 4247, "counsel for the person hospitalized may at any time during such person's hospitalization file with the court a motion for a hearing to determine whether the person should be discharged from the facility, irrespective of whether the director has filed a certificate." Phelps, 283 F.3d at 1183 n.8. Release proceedings also could be instituted in compliance with § 4243(f). Phelps, 283 F.3d at 1187. In light of this guidance, a petition for writ of habeas corpus to test whether there is a reevaluation order currently in place in the criminal case, whether Phelps ought to be reevaluated, or whether he ought to be released is wholly inappropriate.

This court remains of the same opinion.

## CONCLUSION

This action is dismissed without prejudice to Phelps filing a petition in this court if he obtains the necessary order from the United States Court of Appeals for the Ninth Circuit to challenge his original commitment. The clerk shall close the file.

IT IS SO ORDERED.

DATED: September 27, 2010

Marilyn Hall Patel
United States District Judge